IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | Criminal No. 13-28 |
| ) | |
| GERALD P. CARR   ) | |

**Memorandum Opinion and Order**

Defendant Gerald P. Carr has filed a Motion for Early Termination of Supervised Release. ECF No. 48. The government has filed a Response opposing the Motion. ECF No. 52. On October 1, 2013, Mr. Carr pleaded guilty to counts 1 and 2 of the Indictment, charging him with possession with intent to distribute less than 100 grams of heroin, a schedule I controlled substance, in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(C); and unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The sentencing Court imposed a sentence of 120 months' imprisonment, at each count, to be served concurrently, to be followed by 3 years of supervised release. Mr. Carr began his term of supervised release on April 6, 2023. Thus, his term of supervision is set to expire in late April 2026. For the reasons explained below, Mr. Carr's Motion will be denied.

I.   **Applicable Law**

Early termination of a term of supervised release is authorized under 18 U.S.C. § 3583(e). A court may terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

"The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citation omitted). In making this determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a)[1]. "District courts are not required to make specific findings of fact with respect to each of these factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *Melvin*, 978 F.3d at 52–53 (3d Cir. 2020) (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)). Although new circumstances are not required in order terminate supervision early, the Third Circuit Court of Appeals has explained the "general rule" that "if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Melvin*, 978 F.3d at 53.[2]

### III. Discussion

Mr. Carr argues that early termination of his supervised release is warranted based on the fact that he has successfully complied with the terms and conditions of her supervised release, including successfully staying away from illegal activity. He maintains employment, communicates with his Probation Officer, complies with drug testing, he spends quality time with his children and grandchildren, and is fully committed to rehabilitation

---

[1] The factors under 18 U.S.C. § 3553(a) are:: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7).

[2] To be clear, the Court acknowledges that, even in the absence of new circumstances, it has the discretion to terminate supervision early. *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020).

In opposing termination of supervised release, the government argues that supervision is working in this case, and, in light of the serious offenses of conviction and Mr. Carr's extensive criminal history, termination of supervision is not warranted.

Mr. Carr has been compliant with the terms of his supervision; however, the fact of compliance alone is typically not a sufficient reason to warrant the early termination of supervised release in most cases. There is no evidence that Mr. Carr's terms of supervision are either too harsh or inappropriately tailored to serve general punishment and rehabilitation goals, or to protect the public. Mr. Carr's offenses of conviction are serious: he engaged in the distribution of large quantities of heroin, and he possessed a firearm although he is a felon who was not permitted to possess a firearm. In addition, Mr. Carr's sentence of 120 months' imprisonment was below the guideline sentence range he faced, which was 151 months to 188 months. The term of 3 years ' supervised release was statutorily required at Count 1.

Our standard for evaluating whether early termination is warranted is broad: we are to determine whether the court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). It is to be hoped that all defendants on supervised release successfully comply with the conditions of supervision. Thus, the fact of compliance alone is unlikely to be sufficient to warrant the early termination of supervised release in most cases.

There is no doubt that Mr. Carr has been successful while on supervised release for just over two years. It is notable that he has not committed any additional offenses, nor has he had any difficulty complying with his terms and conditions of supervision.

While laudable, Mr. Carr's successes are exactly what supervised release contemplates. The Court acknowledges that supervised release presents burdens and barriers for defendants.

However, there is no evidence that Mr. Carr's conditions of supervision are either too harsh or inappropriately tailored to serve general punishment and rehabilitation goals, deterrence, protection of the public, and punishment goals of sentencing, when considering the nature of the offenses he committed. Mr. Carr's compliance with the terms and conditions of his supervision, alone, in this case, is not a sufficient reason to warrant the early termination of the three-year term of supervised release.

In addition, the offense in this case is extremely serious. While on state parole supervision, a Parole Agent conducted a home visit with Mr. Carr. That visit spurred a search of the residence, which resulted in uncovering drug distribution paraphernalia, large amounts of heroin, and cocaine. The search also uncovered a Marlin Firearms Company Model 45 Camp Carbine .45 caliber semiautomatic rifle, that had been altered such that the firearm's stock had been cut down into a pistol grip and firearm had another pistol grip under the forward stock affixed with electrical tape. With respect to the three-year term of supervised release imposed, it is important to highlight that the three-year term was the statutory minimum. The Court could have imposed a term of supervised greater than three years but did not. The Court imposed the three-year term believing it was sufficient, but not greater than necessary, to meet the goals of sentencing in Mr. Carr's case, and that such a term would adequately address the goals of punishment, rehabilitation, and deterrence in this case..

**IV.    Conclusion**

After reviewing the factors to be considered for early termination of supervised release as set forth in 18 U.S.C. § 3583(e)(1), and the factors listed under section 3553(a), and Mr. Carr's conduct while on supervision, the Court concludes that the original term of supervision remains an appropriate term of supervised release.

4

Accordingly, the following Order is hereby entered.

AND NOW, this 17th day of September 2025, it is hereby ORDERED, that Gerald P. Carr's Motion for Early Termination of Supervised Release, ECF No. 48, is DENIED.

                                                  *s/Marilyn J. Horan*
                                                  Marilyn J. Horan
                                                  United States District Court Judge

Gerald P. Carr, pro se
944 Nathaniel Street
Johnstown, PA 15902